**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

EDWIN R. HAIRSTON                                                                                                    PLAINTIFF

v.                                                        No. 4:05CV01142 JLH

LOCTITE CORPORATION and
HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY                                                                                          DEFENDANTS

**OPINION AND ORDER**

Edwin R. Hairston has filed a motion for attorney's fees and costs seeking attorney's fees in the total amount of $24,050.00 and costs in the total amount of $3,334.63. For the reasons stated hereinafter, the Court will grant the motion and award attorney's fees in the amount of $13,549.00 and costs in the amount of $358.46.

**I.**

The Eighth Circuit has held that the propriety of an award of attorney's fees under ERISA depends upon the following factors: (1) the degree of culpability or bad faith which can be assigned to the opposing party; (2) its ability to pay; (3) the potential for deterring others in similar circumstances; (4) whether the moving party sought to benefit all plan participants or beneficiaries or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions. *Lawrence v. Westerhaus*, 749 F.2d 494, 495-96 (8th Cir. 1984).

Here, there was a sufficient degree of culpability on the part of Hartford Life and Accident Insurance Company to justify an award of attorney's fees. Hairston had been determined to be totally disabled and had received total disability benefits for sixteen years. Hartford cancelled his benefits without any change of circumstances and without any significant new information. *See*

*Morgan v. Unum Life Ins. Co. of Am.*, 346 F.3d 1173, 1178 (8th Cir. 2003); *McOsker v. Paul Revere Life Ins. Co.*, 279 F.3d 586, 589 (8th Cir. 2002); *Walke v. Group Long Term Disability Ins.*, 256 F.3d 835, 840 (8th Cir. 2001).  As to the second factor, Hartford does not deny that it has ample ability to pay an award of fees.  Thirdly, an award of fees is justified in order to deter other ERISA insurers from deciding to terminate long-term disability benefits without any change of circumstance or other significant new information.  Fourth, although Hairston probably did not have the subjective intention of benefitting all plan participants or beneficiaries or of resolving a significant legal question regarding ERISA, his action will have some benefit for all plan participants or beneficiaries and may resolve a significant legal question regarding ERISA.  Finally, the relative merits of the parties' positions strongly favors an award of fees.  In short, four of the five factors that the Eighth Circuit requires the district court to consider favor an award of fees, and the other is neutral.

## II.

Hairston was initially represented by David Smith of the firm of Boswell, Tucker, Brewster, Davis & Jackson.  Mr. Smith had thirty years of experience in the practice of law.  He died on May 7, 2005.  Hairston seeks compensation for 11.70 hours for Mr. Smith's time at the rate of $250 per hour.  The rate of $250 per hour is a reasonable rate in central Arkansas for a lawyer with thirty years of experience.

However, Hartford objects that Mr. Smith represented Hairston during the administrative process, and that the Court cannot award fees incurred during the administrative process.  The relevant statute is 29 U.S.C. § 1132(g)(1), which states: "In any action under this subchapter . . . by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party."  The Eighth Circuit has held that the term "any action" in 29

U.S.C. § 1132(g) "does not extend to pre-litigation administrative proceedings." *Parke v. First Reliance Life Ins. Co.*, 368 F.3d 999, 1011 (8th Cir. 2004). Consequently, the Court cannot award fees for Mr. Smith's time, all of which was expended during the administrative process.

After Mr. Smith died, the Boswell firm assigned this case to John Andrew Ellis. Mr. Ellis devoted 84.50 hours through the submission of his motion for attorney's fees and costs. However, 4.75 hours of that time was incurred during the administrative process and therefore must be excluded from any fee award for the reasons stated above.

When the 4.75 hours expended during the administrative process are deducted, the amount remaining is 79.70 hours. The Court finds that all of that time was reasonable.

The issue with respect to the 79.70 hours of Mr. Ellis's time has to do with the reasonableness of the hourly rate. Hairston seeks $250 per hour for Mr. Ellis's time. Hartford argues that $250 per hour is excessive for Mr. Ellis's time. Mr. Ellis was licensed to practice law in 1999. His affidavit candidly states that this was his first ERISA case. Hartford argues, and the Court finds, that $170 per hour is a reasonable rate in central Arkansas for a lawyer with seven years of experience. Therefore, the Court awards attorney's fees in the amount of $13,549.00 (79.70 hours x $170 per hour).

Hairston also seeks to recover the following fees:

1. Filing fee ........................................... $ 250.00
2. Expert Witness Fees:
    Randal Hundley, M.D. ............................. 250.00
    White & Rowland, LTD ............................ 2,000.00
3. Postage .............................................. 38.46
4. Faxes ................................................ 10.00
5. Copies ............................................... 552.00
6. Mileage .............................................. 54.35
7. Westlaw research ..................................... 60.00

8.  Medical records:
    Heart Clinic of Arkansas ............................. 5.77
    James Day, M.D. ................................. 15.00
    Baptist Medical Center ............................ 99.05
        TOTAL COSTS ..... $3,334.63

Hartford objects to the expert witness fees, the mileage, and the medical records. Hairston has not responded to the arguments that those costs are not recoverable. Therefore, the Court will award as costs the amount sought for the filing fee, postage, faxes, and Westlaw research, which total $358.46.

## CONCLUSION

The motion for attorney's fees and costs is granted in part and denied in part. Document #41. The Court awards attorney's fees in the amount of $13,549.00. The Court awards costs in the amount of $358.46. A judgment will be entered in the amount of $13,907.46 plus post-judgment interest.

IT IS SO ORDERED this 12th day of April, 2006.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE